FletcheR, J.
The decision of this case depends wholly upon the construction of the lease, upon which the action is founded. For the plaintiffs it was maintained, that the lease conveyed to them the wharf and dock as they were at the time actually occupied by B. Abrahams & Co.; and that, by the subsequent filling up of a part of the dock, by those having a paramount title and rightful authority, the plaintiffs were deprived of a part of the premises leased to them by the defendants, for which loss, it was insisted, that the defendants were responsible in this action of covenant broken. The question therefore is, whether, upon a just construction of the lease, that part of the dock of which the plaintiffs have been deprived was conveyed to them by the defendants, with a covenant for quiet enjoyment ?
The premises were described in the lease as a certain wharf, called Atkins’s wharf, and, after giving the boundaries of the wharf, it is said, “ being the same premises now in the occupancy of B. Abrahams & Co., together with all the rights, privileges, and appurtenances to said wharf, and to the flats belonging thereto, or in any ways appertaining.” It is quite manifest that that part of the description, which says “ being the same premises now in the occupancy of B. Abrahams & Co.,” applies only to the wharf; it merely identifies the wharf, and has no reference whatever to the dock, or the rights, privileges, and appurtenances and flats belonging to the wharf, which are afterwards mentioned. No reference is made' to the occupancy of Abrahams & Co., as identifying or defining or measuring the rights, privileges, appurtenances, flats, or docks belonging to the wharf, nor are these in any way particularly pointed out or described.
The lease conveys the wharf, particularly described by metes and bounds, together with the rights, privileges, and appurtenances, and flats belonging thereto, in the most general terms.
Whatever rights, privileges, and appurtenances, and flats and docks belonged to the wharf were granted to the plain *17 tiffs, and nothing more; and all these they enjoyed without hindrance or interruption.
The plaintiffs would, if they had thought it important or desirable, have ascertained the precise extent of the rights, privileges, appurtenances, flats, and docks belonging to the wharf, and have had them accurately defined, limited, and set forth in the lease.
But they were willing to take the lease in the general form in which it was framed; they have enjoyed all which was conveyed by the terms of the lease, and with that they must be content.
The defendants not having conveyed that part of the dock which has been filled up, and of which the plaintiffs have been deprived of the use, nor covenanted for the quiet enjoyment of it by the plaintiffs, there has been no breach of covenant for which this action can be maintained. The instruction, therefore, asked for by the defendants, “ that the plaintiffs enjoyed all they were entitled to under said lease, and that there was no breach of their covenants in the same,” should have been given, and probably would have been if it had been asked for at an earlier stage of the trial.
This decision is conclusive against the plaintiffs’ right to recover; but the entry now must be, that the verdict for the plaintiffs be set aside and a

New trial granted.